UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ROBERT R.,[1]                                        Case No. 6:19-cv-01272-MK

          Plaintiff,                              **OPINION**
**AND ORDER**

    v.

COMMISSIONER, Social Security
Administration,

          Defendant.
_____

**Kasubhai,** United States Magistrate Judge:

      Plaintiff Robert R. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying his application for disability

insurance benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction

to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have

consented to allow a Magistrate Judge to enter final orders and judgment in this case in

accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 4. For

the reasons that follow, the Commissioner's final decision is REVERSED and this case is

REMANDED for an immediate calculation and payment of benefits.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB in December 2012 with an alleged onset date of January 1, 2002.[2] Tr. 154–57. Plaintiff's claims were ultimately denied, and he sought judicial review before this Court in July 2016. *See* Tr. 881–912; *see also Robert R. vs. Berryhill*, No. 6:16-cv-01386-SB ("*Robert R. I*"). In January 2018, Judge Stacie F. Beckerman reversed and remanded for full consideration of the evidence of record, reassessment of Plaintiff's residual functional capacity ("RFC"), and reconsideration of Plaintiff's ability to perform the requirements of past relevant work. *Id*. Upon remand, in April 2018, the Appeals Council vacated the Administrative Law Judge's ("ALJ") previous decision denying Plaintiff's claims and remanded the case with instructions to complete the administrative record if necessary and to issue a new decision. Tr. 913–16.

On March 7, 2019, Plaintiff appeared for an additional administrative hearing. Tr. 1982–2029. At the hearing, Plaintiff amended the alleged onset date to January 31, 2013, six months before the date last insured, June 30, 2013. Tr. 844, 1065. On April 19, 2019, an ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 839–61. Because the Appeals Council did not assume jurisdiction as prescribed by regulation, the ALJ's decision operates as the final decision of the Commissioner subject to this Court's review. *See* 20 C.F.R. §§ 404.984(a), 416.1484(a) (explaining that "when a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case"). Plaintiff's timely appeal followed.

---

[2] "Tr." citations are to the Administrative Record, ECF No. 14, as supplemented by ECF No. 23.

## FACTUAL BACKGROUND

Plaintiff was 55 years old at his alleged onset date. Tr. 1065. He is a high school graduate and attended two years of college. Tr. 208. He has past relevant work as a computer-aided design ("CAD") drafter. Tr. 160, 177. Plaintiff alleges disability due to muscular encapsulation; neuropathy; severe nausea; shoulder, knee, calve and feet pain; numbness/tingling in both arms, hands, and wrists; carpal tunnel; chronic renal failure; and diabetic neuropathy. Tr. 207. The record also reflects that Plaintiff additionally suffered from affective and anxiety disorders. *See* Tr. 75.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can

perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If

the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden

shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must

establish that the claimant can perform other work that exists in significant numbers in the

national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner

meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had

not engaged in substantial gainful activity since his alleged onset date. Tr. 844. At step two, the

ALJ found that Plaintiff had the following severe impairments: degenerative disc disease,

diabetes mellitus, hypertension, nephrotic syndrome, and left cubital tunnel and/or carpal tunnel

syndrome. Tr. 844. The ALJ additionally found that Plaintiff had anxiety and depression;

however, he determined that these did not constitute severe impairments. Tr. 847. At step three,

the ALJ found that Plaintiff did not have an impairment or combination thereof that met or

medically equaled the severity of a listed impairment. *Id.* The ALJ found that Plaintiff had the

RFC to perform medium work, with physical and non-exertional limitations including no more

than frequent crawling, occasional climbing, frequent overhead reaching, and frequent handling,

grasping, fingering, and feeling with the left upper extremity. Tr. 848. At step four, the ALJ

determined that Plaintiff could perform past relevant work as a CAD drafter. Tr. 853–54. The

ALJ thus found that Plaintiff was not disabled within the meaning of the Act. Tr. 854.

## DISCUSSION

Plaintiff asserts that remand is warranted for two reasons: (1) the ALJ improperly

rejected the medical opinion evidence supplied by his treating psychiatrist; and (2) the ALJ failed

to find that Plaintiff's mental limitations met the *de minimis* step two threshold. The Court addresses each argument in turn.

## I.    Medical Evidence

Plaintiff contends that the ALJ improperly rejected the opinion of Dana Smith, Ph.D. Pl.'s Op. Br. 10, ECF No. 20. The ALJ is responsible for resolving conflicts in the medical record. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The law distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *See* 20 C.F.R. §§ 404.1527, 416.927.[3] The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given "controlling weight," because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the ALJ should consider specific factors in determining the weight it will be given, including the nature of the treatment relationship, the quality of explanation provided, and the consistency of the medical opinion with the record as a whole. 20 C.F.R. §§ 404.1527, 416.927; *Orn*, 495 F.3d at 631.

A treating doctor's opinion that is not contradicted by the opinion of another doctor can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where a doctor's opinion is contradicted, however, the ALJ must provide "specific, legitimate reasons" for discrediting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ can meet this burden by "setting out a detailed and thorough summary of the

---

[3] The Commissioner has issued revised regulations changing this standard for claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Plaintiff's claim was filed before March 27, 2017, and therefore is controlled by 20 C.F.R. §§ 404.1527, 416.927.

facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."
*Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation omitted).

Dr. Smith began treating Plaintiff in November 2015 and submitted a letter in support of his disability claim. Tr. 1953–54. Dr. Smith explained that Plaintiff had "significant anxiety and depressive symptoms," which appeared to relate to Plaintiff's chronic pain, divorce, and difficulty accessing services at the Veterans Administration ("VA"). *Id*. The doctor noted that Plaintiff was sad, suspicious, and irritable; had "extreme difficulty interacting with others"; and also presented with an angry mood and distressed affect. Tr. 1953–56. Dr. Smith diagnosed mixed anxiety and depressive disorder. Tr. 1955–57; Tr. 1956. When asked to give an opinion regarding Plaintiff's mental health condition prior to the date last insured, Dr. Smith explained that while she "could not speak with any certainty," she concluded that "it seem[ed] reasonable to believe that his functioning as of 6/30/13 was similar to his functioning" when the doctor first began treating Plaintiff. Tr. 1953.

The ALJ gave little weight to Dr. Smith's opinion. Tr. 853. Instead, the ALJ assigned more weight to the opinions of the non-examining state agency psychological consultants, who concluded that Plaintiff did not have a severe mental health impairment. Tr. 852–53. Because Dr. Smith's opinion was contradicted by the reports of two non-examining physicians, the ALJ was required to supply "specific and legitimate reasons" to reject Dr. Smith's opinion. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

The Commissioner asserts Dr. Smith's opinion was properly rejected because it was inconsistent with other evidence in the record. Def.'s Br. 3, ECF No. 24; *see also* Tr. 853. ALJs may consider the consistency of the evidence and supportability in the record when weighing medical opinion evidence. *See* 20 C.F.R. §§ 404.1527(c)(3)–(4), 416.927(c)(3)–(4). Specifically,

the ALJ faulted Dr. Smith because (1) the doctor did not treat Plaintiff during the relevant

period; (2) the doctor did not include documentation of her treatment relationship with Plaintiff;

and (3) the opinion was based on a limited view of the medical record and not well supported.

Tr. 853. On this record, however, none of those rationales constitute specific and legitimate

reasons for rejecting Dr. Smith's opinion.

"[M]edical reports are inevitably rendered retrospectively and should not be disregarded

solely on that basis." *Smith v. Bowen,* 849 F.2d 1222, 1225 (9th Cir. 1988). A medical opinion

may be relevant even if several years have passed between the date last insured and the date of

the opinion. *Id.*; *see also Charlene S. v. Comm'r of Soc. Sec.*, 2020 WL 2190657, at *3 (W.D.

Wash. May 6, 2020). As such, this reason was not a specific and legitimate reason for

discounting Dr. Smith's opinion.[4]

The fact that Dr. Smith did not provide significant documentation of her treatment

relationship is not a legitimate reason to discount her opinion. "The ALJ may not assume that

doctors routinely lie in order to help their patients collect disability benefits." *Ratto v. Secretary*,

839 F.Supp. 1415, 1426 (D.Or. 1993). Although an ALJ may question a doctor's credibility if

there is evidence of actual improprieties, no such evidence exists here. *Franz v. Colvin*, 91

F.Supp.3d 1200, 1215. Dr. Smith provided a detailed summary of Plaintiff's treatment history

and described the longitudinal course of Plaintiff's treatment. Tr. 1953. Accordingly, this was

not a specific and legitimate reason to reject Dr. Smith's opinion.

---

[4] The Commissioner's reliance on *Macri v. Chater* is misplaced. In *Macri*, the Ninth Circuit explained that "[t]he opinion of a psychiatrist who examines the claimant after the expiration of his disability insured status . . . is entitled to less weight than the opinion of a psychiatrist who completed a contemporaneous exam." *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). *Macri* did not hold that an ALJ may reject the opinion of a doctor simply because the opinion was not created contemporaneously. Here, the medical opinions the ALJ gave more weight to never treated or examined Plaintiff as was the case in *Marci*.

Finally, the ALJ's characterization of Dr. Smith's opinion lacks support in the record. Tr. 853; *see also* Tr. 1958. For example, the ALJ described Dr. Smith's assessment of Plaintiff's level of functioning in June 2013 as mere "speculation." *Id*. Significantly, there are no contemporaneous opinions from treating or examining providers from the relevant time period in the record and therefore any opinion as to that time required some amount of speculation. However, Dr. Smith based her conclusion as to Plaintiff's functioning on her treating relationship and a review of medical records. Tr. 1953. Dr. Smith's review included treatment notes that showed a positive screen for depression at the beginning of Plaintiff's treatment at the VA and worsening anxiety during subsequent mental health consultations. Tr. 456–57; 433–34, 417. The records themselves cannot be discarded as the Ninth Circuit has long held that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988).

Furthermore, the ALJ's conclusion that Dr. Smith's opinion was inconsistent with the medical evidence prior to the date last insured lacked specificity. The ALJ erred in failing to explicitly review Dr. Smith's opinion in the context of the record as a whole. *See Garrison*, 759 F.3d at 1013. Dr. Smith explained that Plaintiff's anxiety and depressive symptoms presented at intake were similar in nature to Plaintiff's conditions during the relevant time period, due in part to marital issues. Tr. 1953. While Plaintiff has a history of depression, for which he has taken medication in the past, *see* Tr. 726, 748, 750, 753, the record shows that Plaintiff received mental health treatment as early as February 2010 specifically for marital difficulties. Tr. 324, 698. As his anxiety and depression worsened, Plaintiff was prescribed medication and referred to a therapist on multiple occasions. Tr. 698, 390, 369, 371.

In May 2012, Plaintiff was diagnosed with anxiety and, after being hospitalized with Ketoacidosis in June 2012, exhibited depressive symptoms Tr. 371, 299. In July 2012, Plaintiff was diagnosed with depression and referred to a psychiatrist for his worsened mood. Tr. 368. When Plaintiff sought treatment from a new provider in October 2012, Plaintiff was prescribed another medication for his anxiety. Tr. 341. Thus, for a significant period of time leading up to the amended onset date, the record demonstrates that Plaintiff seriously struggled with anxiety and depression.

Moreover, the record shows that these mental health issues persisted well into 2013. When Plaintiff established medical care with the VA in July 2013, Plaintiff positively screened for depression, reporting that he felt down, depressed, and hopeless nearly every day, and that he also had experienced thoughts of self-harm and suicidal ideations. Tr. 456–57. On October 17, 2013, Plaintiff called the VA Crisis Helpline because he felt he could not wait to see his doctor. Tr. 436. His frustration and anger was later described as manic. Tr. 433. Plaintiff was referred to a mental health consultation during which he presented as anxious, depressed, and agitated. Tr. 434. During a follow up mental health consultation in January 2014, Plaintiff reported an improved mood. Tr. 417. By 2015, however, Plaintiff's marital problems and mental health symptoms persisted and he sought treatment through the VA and eventually from Dr. Smith. Tr. 1529, 1953.

The ALJ's decision failed to cite to any portion of this record in rejecting the doctor's opinion. As the Ninth Circuit has explained, to meet the specific and legitimate standard required to reject a contradicted doctor's opinion, an ALJ "must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (citation omitted); *see also Beckett v. Comm'r, Soc. Sec.*

*Admin.*, No. 3:09-cv-01052-JO, 2011 WL 4006644, at *2–3 (D. Or. Sept. 6, 2011) ("The Ninth Circuit repeatedly has explained that conclusory reasons will not justify an ALJ's rejection of a medical opinion[.]").

In sum, the ALJ's evaluation of the medical record and rejection of Dr. Smith's opinion is no supported by substantial evidence in the record.

## II.    Severity Determination

Plaintiff contends that the ALJ improperly concluded that Plaintiff did not have a severe mental impairment during the relevant period. Pl.'s Op. Br., 14, ECF 20. At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c); *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

The step two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . . [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

SSR 85-28, *available at* 1985 WL 56856 at *2 (Nov. 30, 1984) (internal quotations omitted).

The step two inquiry "is 'a *de minimis* screening device to dispose of groundless claims.'"

*Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d

1273, 1290 (9th Cir. 1996)).

   The Ninth Circuit has held when the ALJ has resolved step two in a claimant's favor, any

error in designating specific impairments as severe does not prejudice a claimant so long as the

ALJ considered the omitted impairments when formulating the claimant's RFC. *Burch v.

Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (holding that any error in omitting an impairment

from the severe impairments identified at step two was harmless when step two was resolved in

claimant's favor).

   The ALJ declined to include any mental impairments at step two because he found that

Plaintiff's anxiety disorder and depression did not cause more than a minimal limitation in his

ability to perform basic work activities and were therefore non-severe. Tr. 845. Applying the

"paragraph B" criteria, the ALJ concluded Plaintiff's mental impairments caused no limitations

in his ability to understand, remember, and apply information or maintain concentration,

persistence, and pace; and only mild limitations in his ability to interact with others or adapt and

manage himself. As a result, the ALJ concluded Plaintiff's mental impairments were non-severe

and did not account for any limitations relating to those impairments in Plaintiff's RFC. Tr. 16.

   The record reflects, however, that Plaintiff's mental impairments are more than minimal.

Although the ALJ correctly noted instances in which Plaintiff's treating providers documented

limited improvement, "the record as a whole reflects Plaintiff's anxiety and depression were

significant issues for which Plaintiff sought consistent treatment." *Inskeep v. Colvin*, No. 3:15-

cv-00759-BR, 2016 WL 3509395, at *4 (D. Or. June 27, 2016) (reversing step two determination

where ALJ found mental impairments non-severe). Further, the Ninth Circuit has held that "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017. Evidence of "improvement" in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of the symptoms as well as an awareness that improved functioning while being treated does not always mean that a claimant can function effectively in a workplace. *Id*.

The ALJ's determination that Plaintiff's mental impairments did not pass the "*de minimis* screening device to dispose of groundless claims" is not supported by substantial evidence. *See Edlund*, 253 F.3d at 1158 (quoting *Smolen*, 80 F.3d at 1290). The Court thus concludes that the ALJ erred at step two when he found Plaintiff's mental impairments are non-severe. The error was not harmless because the ALJ did not include any mental limitations in his assessment of Plaintiff's RFC. *See Burch*, 400 F.3d at 682. The ALJ's step two finding is reversed.

## III.    Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful

purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

Here, the first requisite is met based on the errors discussed above. The ALJ failed to provide legally sufficient reasons for giving little weight to Dr. Smith's opinion.

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). In *Treichler*, the court relied on "significant factual conflicts in the record between [the claimant's] testimony and objective medical evidence" to conclude remanding for further proceedings was the appropriate remedy. *Id*. at 1105. Here, by contrast, the medical evidence of record is consistent with Dr. Smith's opinion. Before the relevant period, the record shows consistent mental health treatment, diagnoses of anxiety and depression, and prescribed medication. Tr. 324, 698, 396, 371, 299, 368, 341. The record also shows that Plaintiff's symptoms persisted and continued to worsen as he sought treatment from the VA and ultimately seeking further treatment from Dr. Smith in 2015. Tr. 456–57, 433–34, 436, 1529, 1953.

Furthermore, the Commissioner does not adequately explain the utility of remanding for further proceedings. Especially given the fact that Plaintiff initially appealed the denial of his claims to this Court in July 2016, the Court finds that remanding to allow the Commissioner a third attempt to discount the evidence of mental health impairments in the record serves no "useful purpose." *See Garrison*, 759 F.3d at 1021 (citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair

'heads we win; tails, let's play again' system of disability benefits adjudication.")); *see also Robert R. I.* Accordingly, the Court finds the record has been fully developed and further proceedings would serve no useful purpose.

As to the third requisite, if the discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. At step two, the ALJ found Plaintiff's mental health impairments non-severe and thus had no bearing on the ALJ's subsequent RFC assessment that permitted performance of past relevant skilled, sedentary work. Tr. 848, 854. However, if Dr. Smith's opinion were credited as true, and the ALJ did consider Plaintiff's cognitive or social limitations in the RFC assessment, a disability finding is required. At the hearing, the vocational expert ("VE") testified that there would be no available work if an individual with Plaintiff's physical limitations also struggled with remaining on task throughout the workday and with maintaining a consistent work schedule. Tr. 2026. The record shows that Plaintiff's anxiety and depressive symptoms limited his ability to work in such a way.

Before the relevant time period, in April 2012, Plaintiff reported struggling with daily symptoms of anxiety. Tr. 369. Later that year, Plaintiff's mood worsened, and it was apparent that he was not taking care of himself. Tr. 368. While there are no contemporaneous medical opinions during that period, it is clear that Plaintiff struggled daily with completing simple tasks and staying focused when he started treatment at the VA. On a depression screening in July 2013, Plaintiff reported little interest in doing things and feelings of depression or hopelessness nearly every day. Tr. 456. By October, Plaintiff was experiencing "obsessive rumination" and reported a significant lack of motivation. Tr. 431. In reviewing the VA records, Dr. Smith opined that, during this period, Plaintiff struggled with significant anxiety and depressive symptoms and had "extreme difficulty interacting with others."  Tr. 1953.

If a court concludes, as in this case, that a claimant meets the three criteria of the credit-as-true standard, the improperly discredited evidence is credited as true and remand for an award of benefits is appropriate unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled with the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1020–21 (citations omitted). Considering the record as a whole, the Court concludes that there is no reason for serious doubt as to whether Plaintiff is disabled. *See Garrison*, 759 F.3d at 1021; *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit as true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled"). Moreover, the Commissioner has not "pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether Plaintiff is disabled under the Act. *Dominguez*, 808 F.3d at 407. As such, the Court exercises its discretion and credits the erroneously discredited evidence as true and remands this case for an immediate calculation and payment of benefits.

## CONCLUSION

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 1st day of December 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge